NO. 07-03-0116-CR


 07-03-0117-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 14, 2003



______________________________




ANNA DARLENE NORTH, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 242ND DISTRICT COURT OF SWISHER COUNTY;



NOS. B 3667-0112, B 3368-0112; HONORABLE ED SELF, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant Anna Darlene North filed a Motion to Dismiss Appeal on May 13, 2003,
averring that she no longer wishes to prosecute her appeals. The Motion to Dismiss is
signed by both appellant and her attorney. 

 Without passing on the merits of the case, appellant's motion for voluntary dismissal
is granted and the appeals are hereby dismissed. Tex. R. App. P. 42.2. Having dismissed
the appeals at appellant's personal request, no motion for rehearing will be entertained and
our mandate will issue forthwith. 



 Phil Johnson

 Chief Justice









Do not publish.



filed. 

 On November 14, 2002, the appellate clerk received a notice from the trial court
clerk that the clerk's record has not been paid for, and that the record will not be forwarded
to the appellate court for filing. The appellate clerk's record reflects no other action by any
party to the appeal to prosecute the appeal. 

 Accordingly, this appeal is abated and the cause is remanded to the trial court. Tex.
R. App. P. 37.3(a)(2). Upon remand, the judge of the trial court is directed to immediately
cause notice to be given of and to conduct a hearing to determine: (1) whether appellant
desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, then
whether appellant is indigent; (3) if appellant desires to prosecute this appeal, whether
appellant is entitled to have the clerk's record and a reporter's record furnished without
charge; and (4) what orders, if any, should be entered to assure the filing of appropriate
notices and documentation to dismiss appellant's appeal if appellant does not desire to
prosecute this appeal, or, if appellant desires to prosecute this appeal, to assure that the
clerk's record and the reporter's record will be promptly filed and that the appeal will be
diligently pursued. 

 The trial court is directed to: (1) conduct any necessary hearings; (2) make and file
appropriate findings of fact, conclusions of law and recommendations, and cause them to
be included in a clerk's record on remand; (3) enter any orders appropriate to the
circumstances; (4) cause the hearing proceedings to be transcribed and included in a
reporter's record; and (5) have a record of the proceedings made to the extent any of the
proceedings are not included in the supplemental clerk's record or the reporter's record. 
In the absence of a request for extension of time from the trial court, the clerk's record on
remand, reporter's record of the hearing and proceedings pursuant to this order, and any
additional proceeding records, including any orders, findings, conclusions and
recommendations, are to be sent so as to be received by the clerk of this court not later
than December 31, 2002. 

 

 Per Curiam

Do not publish.


1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.